UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

THOMAS LARSON,

        Plaintiff,

v.

UNKNOWN PARTY,

        Defendant.
_____/

Case No. 2:17-cv-112

Honorable Gordon J. Quist

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

### I.    **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Parnall Correctional Facility (SMT) in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred while he was confined at the Ojibway

Correctional Facility (OCF) in Marenisco, Gogebic County, Michigan. Plaintiff sues an Unknown Party named as "Julie L. Marquette Branch Manager Honor Credit Union."

Plaintiff alleges that he sent a "limited financial power of attorney" to the Honor Credit Union and it was returned to Plaintiff because it had not been drafted by an attorney. Plaintiff states that he is trying to have his father appointed as his power of attorney because he suffers from a brain injury that affects his memory. Plaintiff seeks equitable relief and damages.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff contends that he has a claim against Defendant pursuant to § 1983, as a result of her refusal to accept his paperwork to establish his father as his power of attorney. However, plaintiff has no federal right to force Defendant to accept his power of attorney paperwork. The purpose of § 1983 is to provide a remedy for the deprivation of federal rights by a state official's abuse of his position while acting under color of state law. If there has been no violation of a federal right, § 1983 is not applicable. *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996), *aff'd*, 521 U.S. 399, 117 S. Ct. 2100 (1997); *Hodge v. Jones*, 31 F.3d 157, 168 (4th Cir.), *cert. denied*, 513 U.S. 1018, 115 S. Ct. 581 (1994). In addition, to prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Defendant in this case is not a state actor against whom claims can be asserted under § 1983. Therefore, because Plaintiff has not alleged the violation of a federal right by a state actor, his § 1983 action is properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: January 8, 2018                                    /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE